Filed 11/7/23  P. v. Zinchenko  CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B329592 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA221557) |
| v. | |
| ALEXANDER ZINCHENKO, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Alexander Zinchenko appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95).[2]

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Under the standard articulated in *Delgadillo*, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments that defendant raises in his letter brief. (*Delgadillo, supra,* at pp. 231–232.) Finding none of his arguments meritorious, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. The Conviction and Sentence

A jury convicted defendant of conspiracy (count 6), attempted murder (count 7), and assault with a deadly weapon (count 8). As to count 7, the jury found true that the crime was committed willfully, deliberately, and with premeditation within the meaning of section 664. As to counts 7 and 8, the jury found true the allegation that defendant personally used a knife (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury on his victim (§ 12022.7, subd. (a)). On May 29, 2003, he was sentenced to a term of 25 years to life on count 6. The trial court imposed a term of life imprisonment as to count 7 and stayed this term pursuant to section 654. As to count 8, the trial court imposed a term of three years in state prison, plus one year for each enhancement; this sentence was stayed as well.

### II. Petition for Resentencing

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill 1437) in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Effective January 1, 2019, Sen. Bill 1437 added former section 1170.95, subdivision (a), creating a procedure whereby a person convicted of, as relevant here, "murder under . . . [any] theory under which malice is imputed to a person based solely on that person's participation in a crime, [or] attempted murder under the natural and probable consequences doctrine," but who could not now be convicted, can petition to have the murder conviction vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to include convictions of "attempted murder under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, § 2.)

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The trial court denied his petition, and defendant appealed. Defendant's appointed counsel filed a brief pursuant to *Delgadillo, supra*, 15 Cal.5th at page 231 raising no issues.

On August 8, 2023, we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating grounds for appellate relief. After being granted an extension of time, on September 21, 2023, defendant filed a letter brief with exhibits.

## DISCUSSION

In his lengthy supplemental brief, defendant provides us with a detailed summary of his personal background and journey to the United States. He also sets forth a host of arguments, including, but not limited to: (1) false evidence was presented at trial; (2) he never intended to stab the victim (the assault was

3

accidental); (3) he was provoked and his family was threatened, and therefore he could avail himself of the provocative act doctrine; and (4) the trial court committed numerous evidentiary and instructional errors. Finally, he offers us a list of certain constitutional amendments, legal principles, California statutes, and case authority, presumably in support of his contention that he should be resentenced.[3] The problem is that neither the legal authority cited nor the arguments offered entitles defendant to be resentenced under section 1172.6.[4] As the statute plainly provides, only defendants convicted of attempted murder under the natural and probable consequences doctrine are entitled to resentencing relief. (§ 1172.6, subd. (a)(1); *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Because defendant has not demonstrated or argued that he was convicted of attempted murder under this theory, he is ineligible for relief.[5] (*Ibid.*)

---

[3] To the extent defendant challenges his conviction, i.e., the elements of conspiracy were not proven, that is not the issue pending in this appeal.

[4] In fact, former section 1170.95 is only mentioned on page 154 of defendant's supplemental brief.

[5] We applaud defendant's educational and self-help certificates, as well as his laudatory progress reports and chrono's.

4

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.       ASHMANN-GERST, J.       HOFFSTADT, J.